## CITY OF ITHACA v. ITHACA ST. RY. CO.

(Supreme Court, Appellate Division, Third Department.    June 28, 1911.)

1. CONTRACTS (§ 108*)—WAIVER OF BENEFIT OF STATUTE—PUBLIC POLICY.
   Where public policy does not prevent it, a party may waive the benefit of a statute, and may assume obligations in addition to the statutory obligations which would otherwise control.
   [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 498–503; Dec. Dig. § 108.*]

2. TAXATION (§ 200*)—EXEMPTION—COMMUTATION OF TAX.
   A franchise granted to a street railroad company which requires it to pay a specified sum annually in addition to all franchise or other taxes imposed by law requires the company to pay all franchise and other taxes in addition to the specified sum, and such sum may not be deducted from the franchise or other taxes under Tax Law (Consol. Laws 1909, c. 60) § 48, providing that, where a corporation assessed for a special franchise shall have paid to the municipality under any agreement any sum, such sum shall be deducted from any tax.
   [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 319; Dec. Dig. § 200.*]

Submission of controversy pursuant to Code of Civil Procedure, §§ 1279–1281, by the City of Ithaca against the Ithaca Street Railway Company. Judgment for plaintiff.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, SEWELL, and BETTS, JJ.

Peter F. McAllister, for plaintiff.

Tompkins, Cobb & Cobb (A. W. Feinberg, of counsel), for defendant.

JOHN M. KELLOGG, J.  Prior to April 15, 1908, the defendant, under a franchise from the plaintiff, maintained and operated a single track surface railway on State, Eddy, and Tioga streets in the city of Ithaca.  Upon that day it applied to the plaintiff for permission to construct and maintain a double-track railway upon some of said streets, and a franchise was granted it by the plaintiff on or about May 13, 1908, and formally accepted by the defendant June 3, 1908.  The eighteenth section of said agreement or franchise provided in substance that the railway company should pay to the city on or before October 1st in each year the sum of $500 per year for 50 years and thereafter the sum of $750 per year during the lifetime of the franchise, "such payments to be chargeable against the earnings and assets of the company operating the franchise as taxes are chargeable and to be in addition to all franchise or other taxes and assessments imposed by law."  At and prior to that time, section 48 of the tax law (Consol. Laws 1909, c. 60) was in force which provided in effect that if a corporation assessed for a special franchise shall have paid to the city, town, or village within the next preceding year "under any agreement therefor or under any statute requiring the same any sum based upon a percentage of gross earnings or any other sum or any license fee or any sum of money on account of such special franchise granted or possessed by such person, copartnership, association or corporation, which payment was in the nature of a tax, all amounts so paid for the exclusive use of such city, town or village, except money paid or expended for paving or repairing of pavements on any street, highway or public place, shall be deducted from any tax based on the assessment made by the State Board of Tax Commissioners for city, town or village purposes, but not otherwise, and the remainder shall be the tax on such special franchise payable for city, town or village purposes."

The defendant contends that, having paid the $500 the preceding year, it is entitled to have that amount deducted from the franchise tax for the succeeding year, and relies upon Heerwagen v. Crosstown Street Railway Co., 179 N. Y. 199, 71 N. E. 729, and other like cases.  We may assume that aside from the agreement in the franchise that the payment therein provided is to be in addition to all franchise or other taxes or assessments imposed by law that such deduction should be made.

[1] Where public policy does not prevent, a party may waive the benefit of a statute, and may assume obligations in addition or beyond the statutory obligations which would otherwise control.

[2] The $500 by the express terms of the franchise is not to measure the value of the franchise, and is not the measure of the sum which the defendant was to pay the city for the rights granted. It was to pay $500 in addition to all franchise and other taxes and a construction of this statute which determines that the $500 is to be deducted from the franchise tax deprives the city of the payment which the parties expressly agreed it should have. The terms contemplated by the franchise were that all franchise and other taxes must be paid, and, in addition thereto, the sum mentioned. The gross amount to be paid in each year could not be determined, therefore, until all taxes were known, but the $500 was to be paid in any event as a fixed sum and in addition thereto the taxes and assessments. Any other construction is a violation of the intention of the parties, and is an exemption of the defendant from an agreement which it has expressly made. The statute has reference to amounts paid under any agreement—that is, any amount paid for the use of the franchise—and the object of the statute is to prevent double taxation, but there is no double taxation when the parties have agreed that in addition to all taxes a further sum must be paid. The payment of all taxes and of the $500 is the payment which it was agreed the city should receive in gross for the use of its streets by the defendant.

The stipulation of submission provides that, if the controversy is determined in favor of the plaintiff, it shall have judgment for $1,820 without costs.

Judgment is therefore awarded to it for that sum. All concur.