(148 App. Div. 908.)

### NEW YORK CITY INTERBOROUGH RY. CO. v. MOYNAHAN, Collector of Assessments and Arrears.

(Supreme Court, Appellate Division, First Department. January 26, 1912.)

MUNICIPAL CORPORATIONS (§ 976*)—TAXES—FRANCHISE TAX—SET-OFF.

Tax Law (Consol. Laws 1909, c. 60) § 48, provides that if, when the tax assessed on any special franchise is payable to the city in which the property is located, it appears that the corporation affected has paid to the city for its exclusive use within the next preceding year any sum on account of such special franchise, such sum shall be deducted from any tax based on the assessment made by the State Board of Tax Commissioners for city purposes, and the remainder shall be a tax on such special franchise, and further provides that on a certificate from the chamberlain showing the several amounts paid during the year, ending

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

134 N.Y.S.—2

on the date of the certificate, the collector shall credit on the tax roll to the corporation affected the amount stated in the certificate on any tax levied against it on an assessment of a special franchise for city purposes, "but no credit shall be given on account of such payments or certificate in any other year nor for a greater sum than the amount of the special franchise tax for city * * * purposes for the current year." *Held,* that an amount paid by a street railroad company in July, 1909, as a special franchise tax for the year ending September 30, 1907, cannot be credited against a special franchise tax levied for the year 1908.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 2092–2098; Dec. Dig. § 976.*]

Appeal from Special Term, New York County.

In the matter of the application of the New York City Interborough Railway Company for a peremptory writ of mandamus against Daniel Moynahan, as Collector of Assessments and Arrears of the City of New York. From an order denying the application, relator appeals. Affirmed.

The following is the opinion of Gerard, J., of the lower court:

The relator moves for a peremptory writ of mandamus commanding the collector of assessments and arrears to credit against the special franchise tax levied against the relator for the year 1908 a certain payment of $15,000. It appears that the board of aldermen by ordinance in the year 1903 granted to the relator the right to operate a street surface railway on certain streets in the boroughs of Manhattan and the Bronx. Thereafter and on or about July 27, 1909, an agreement was entered into between the city and the relator, whereby the sums to be paid annually to the city pursuant to said ordinance were materially reduced, one of the conditions of such reduction being the immediate payment by the relator of all sums then due for the right to use the said streets at the rate specified in the original franchise of 1903. The relator thereupon in the month of July, 1909, paid to the city the sum of $36,458, representing the balance due for the use of said streets for the year ending September 30, 1906, and the amount due for the years ending September 30, 1907, and September 30, 1908, respectively, together with interest thereon. The tax assessed upon the special franchise of the relator for the year 1909 amounted to the sum of $11,346.90 only, which tax for said year 1909 was entirely canceled pursuant to section 48 of the tax law. Of the payment made in the month of July, 1909, $13,000 represented the franchise payment for the year ending September 30, 1908, which was more than sufficient to cancel the special franchise tax for the year 1909. On September 20, 1909, the chamberlain of the city of New York delivered to the defendant, as collector of assessments and arrears, a certificate showing that in July, 1909, $15,000 had been paid by the relator as the franchise payment for the year ending September 30, 1907, and this sum the relator claims should offset the special franchise tax for the year 1908.

Section 48 of the tax law provides: "If, when the tax assessed on any special franchise is due and payable under the provisions of law applicable to the city, town or village in which the tangible property is located, it shall appear that the person, copartnership, association or corporation affected has paid to such city, town or village for its exclusive use within the next preceding year, under any agreement therefor or under any statute requiring the same, any sum based upon a percentage of gross earnings, or any other income, or any license, or any sum of money on account of such special franchise granted to or possessed by such person, copartnership, association or corporation, which payment was in the nature of a tax, all amounts so paid for the exclusive use of such city, town or village, except money paid or expended for paving or repairing of pavement of any street, highway or public place, shall be deducted from any tax based on the assessment made by the

state board of tax commissioners for city, town or village purposes, but not otherwise; and the remainder shall be a tax on such special franchise payable for city, town or village purposes. The chamberlain or treasurer of a city, the treasurer of a village, the supervisor of a town, or other officer to whom any sum is paid for which a person, copartnership, association or corporation is entitled to credit as provided in this section, shall, not less than five nor more than twenty days before a tax on a special franchise is payable, make and deliver to the collector or receiver of taxes or other officer authorized to receive taxes for such city, town or village, his certificate showing the several amounts which have been paid during the year ending on the day of the date of the certificate. On the receipt of such certificate the collector, receiver or other officer shall immediately credit on the tax roll to the person, copartnership, association or corporation affected the amount stated in such certificate on any tax levied against such person, copartnership, association or corporation on an assessment of a special franchise for city, town or village purposes only, but no credit shall be given on account of such payments or certificate in any other year, nor for a greater sum than the amount of the special franchise tax for city, town or village purposes for the current year, and he shall collect and receive the balance, if any, of such tax as required by law. Former section 46 without change."

The city claims that the payment was made by the relator to the city of New York in the month of July, 1909, representing franchise payments for the years ending September 30, 1907, and September 30, 1908, and the balance for the year ending September 30, 1906, can only be deducted from the franchise tax for the year 1909, while the relator claims that the amount representing the franchise payment for the year ending September 30, 1908, having been sufficient to cancel the tax for the year 1909, that portion which represented the franchise payment for the year September 30, 1907, should be credited against the franchise tax for the year 1908. It was held in Matter of Man. Ry. (New York Law Journal, March 30, 1909, affirmed 133 App. Div. 890, 118 N. Y. Supp. 1123; Id., 197 N. Y. 581, 91 N. E. 1117) that where a corporation had allowed the sums due the city to accumulate for several years before payment the entire amount might be offset against the special franchise tax for the year in which payment was made. While the converse does not necessarily follow from the decision, I think the proper construction of section 48 of the tax law is that the amount which can be deducted from the franchise tax is the amount paid to the city within the next preceding year. The first sentence of the section provides: "If it shall appear that the corporation affected has paid to such city for its exclusive use within the next preceding year," etc., and the closing sentence provides: "On the receipt of such certificate the collector shall immediately credit upon the tax roll to the corporation affected the amount stated in such certificate on any tax levied against such corporation, but no credit shall be given on account of such payment or certificates in any other year nor for a greater sum than the amount of the special franchise tax for city, town, or village taxes for the current year."

Motion for writ of mandamus denied, with costs.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, SCOTT, MILLER, and DOWLING, JJ.

R. Norton, for appellant.

C. A. Peters, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements upon the opinion of Gerard, J., at Special Term. Order filed.