OPINION OF THE COURT
Martin Evans, J.
Petitioner and respondents have each moved for summary judgment in this CPLR article 78 proceeding in the nature of mandamus.
Petitioner commenced this proceeding on March 31, 1977, as an action for a declaratory judgment that it is entitled to a *999 credit of franchise fees paid by it against amounts owed for its special franchise taxes from August 18, 1970 to date. Petitioner further sought to obtain a refund of alleged overpayments made by it by reason of respondents’ allegedly wrongful denial of such credit. By decision of this court dated February 16, 1978, this action was converted into a special proceeding for review under CPLR article 78, since the remedy sought is more properly the subject of a proceeding for a writ of mandamus, and because an action for a declaratory judgment cannot be entertained if any possible judgment might become effective only on the occurrence of an uncertain future event.
Petitioner’s franchise agreement with the City of New York grants petitioner the privilege of operating a cable television system in parts of Manhattan, and enables it to run cable beneath the city’s streets. The agreement provides, inter alia, that petitioner is to pay a franchise fee to the city in the amount of 5% of its gross receipts, in addition to special franchise taxes. Special franchise taxes, although assessed by a State board according to a uniform State scheme, are ultimately paid to the city, (see Real Property Tax Law, § 600 et seq.) Section 626 of the Real Property Tax Law, like its predecessor, former section 48 of the Tax Law, provides as follows:
"1. When a tax levied on a special franchise is due in any assessing unit, if the special franchise owner has paid such assessing unit for its exclusive use during the past year under any agreement or statute requiring the same, a sum based upon a percentage of gross earnings or other income, a license fee or other sum of money on account of such special franchise possessed by such special franchise owner, which payment was in the nature of a tax, all amounts so paid for the exclusive use of such assessing unit * * * shall be deducted from the tax based on the assessment made by the state board for purposes of the assessing unit, but not otherwise, and the remainder shall be the tax on such special franchise payable for such purposes.
"2. The chief fiscal officer or treasurer of a city, the treasurer of a village, the supervisor of a town, or other officer to whom any sum is paid for which a special franchise owner is entitled to credit as provided in this section, shall, not less than five nor more than twenty days before a tax on a special franchise is payable, deliver to the collecting officer of such city, town or village, a certificate showing the several amounts *1000 which have been paid during the year ending on the date set forth in the certificate. Upon the receipt of such certificate, the collecting officer shall credit on the tax roll to the special franchise owner the amount stated in such certificate, on any tax levied against the special franchise of such special franchise owner for city, town or village purposes only. No credit shall be given on account of such payment or certifícate in any other year, nor for a greater sum than the amount of the tax on the special franchise for city, town or village purposes for the current year.” (Emphasis added.)
The gravamen of petitioner’s complaint (here deemed a petition in the converted proceeding) is that by reason of respondent’s failure to grant petitioner a tax credit for the contractual franchise fees paid, it is being subjected to duplicative taxation in contravention of the public policy as enunciated by the statute.
The motion by respondent City of New York for summary judgment is denied and the cross motion by petitioner Teleprompter is granted to the extent indicated below. The court finds that the payments made to the city under the contract for which petitioner seeks credit under section 626 of the Real Property Tax Law are "in the nature of a tax”. (See Heerwagen v Crosstown St. Ry. Co. of Buffalo, 179 NY 99, 105; Matter of New York & Queens Elec. Light & Power Co. v Delaney, 229 NY 184.) The fees in question are essentially a measure of the value of the franchise. They are intended to produce revenue, the traditional function of a tax in the broadest sense. They are in marked contrast to a modest, flat fee intended to defray the cost of licensing or administering a program or service. (See Sands v Manistee Riv. Improvement Co., 123 US 288.)
Moreover, whether or not these fees are denominated as rents, taxes or other charges, it is clear that they are of the type contemplated by the Legislature when it adopted the predecessor statute of section 626 of the Real Property Tax Law. The purpose of that statute, former section 48 of the Tax Law, was to prevent municipalities from unilaterally adopting ordinances which, in effect, imposed an inequitable double tax on holders of special franchises. (See discussion in New York Rys. Co. v City of New York, 218 NY 483, 489.) "The stipulated payments are really in the nature of rent or a rent charge. But granting all this it seems to us manifest from the plain terms of the statute that these are the very payments *1001 which the legislature intended should be deducted from the amount of the special franchise tax.” (Heerwagen v Crosstown St. Ry. Co. of Buffalo, supra, pp 103-104.) (Cf. City of Ithaca v Ithaca St. Ry. Co., 145 App Div 675, where a modest flat fee of $500 per year was sustained, perhaps because such a fee could be regarded as one more reasonably related to offsetting administrative expenses than revenue production.)
The city argues that petitioner waived its right to credit under the statute, and cites in support the following provision in the contract executed between the parties, dated August 18, 1970: "Section 7. Compensation * * * (h) Payments of compensation made by the Company to the City pursuant to the provisions of this contract, shall not be considered in the nature of a tax, but shall be in addition to any and all taxes which are now or hereafter required to be paid by any law of the State of New York, the City, or the United States.” In a closer case than this, where the evidence might raise a serious question as to whether the challenged charges were in the nature of a tax or a valid administrative fee, this clause could be of some weight. While such evidence of the parties’ intention could well be probative in an ambiguous situation, it can be of no moment here. The charges at bar were without question, both qualitatively and quantitatively revenue generating in intent, and the position of the city, in its brief, that the revenues were in the nature of rent, further establishes that fact.
The same public policy considerations underlying the statute must therefore also invalidate the waiver clause in the contract at bar. While as a general proposition parties are free to waive certain statutory benefits, they cannot do so in contravention of a public policy. It is also axiomatic that a municipality cannot contravene a general law of the State by ordinance, administrative fiat or contract. If the city and other municipalities throughout the State were permitted to fix, by contract, differing and additional gross receipts taxes on each special franchisee as a condition of conducting its business, the uniform State statutory scheme intended by the Legislature would be upset. It may be argued that the city’s current revenues from the special franchise tax are inadequate, and do not represent fair compensation for the easement granted petitioner. Given its clear pre-emption of this area, only the Legislature can alter it, whether by increasing the special franchise tax, by appropriate amendment to section 626 of the *1002 Real Property Tax Law, or through home rule legislation at the behest of the city.
Petitioner has accordingly met its burden of proving that the city acted unreasonably in denying its request for credit under the statute for the payments made during the year 1978. Given the nature of this proceeding petitioner is time barred from asserting its claim for payments made during preceding years. Petitioner neither made timely claim for credit each year (Real Property Tax Law, § 626, subd 2) nor sought review of the Comptroller’s failure to give credit within the four-month statutory period (CPLR 217). These claims are accordingly dismissed. The city is directed to credit petitioner with all such contractual payments made during 1978.