September 10, 1979, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur — Markewich, J. P., Lupiano, Silverman, Bloom and Fein, JJ.

■ In the Matter of EARL A. RAWLINS, an Attorney. — Motion to modify order of suspension denied. Concur — Murphy, P. J., Kupferman, Birns, Sandler and Fein, JJ.

# (September 22, 1981)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES LOPEZ, Appellant. — Judgment, Supreme Court, New York County (Kleiman, J.), rendered on March 25, 1980, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur — Murphy, P. J., Markewich, Silverman and Fein, JJ.

■ In the Matter of BROOKLYN UNION GAS COMPANY, Appellant, v CITY OF NEW YORK et al., Respondents. — Judgment, Supreme Court, New York County (Myers, J.), entered on May 22, 1980, unanimously affirmed. (See *Teleprompter Corp. v City of New York,* 82 AD2d 145.) Respondents shall recover of appellant $75 costs and disbursements of this appeal. No opinion. Concur — Murphy, P. J., Markewich, Silverman and Fein, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS BOLDEN, Appellant. — Judgment, Supreme Court, Bronx County (Goldfluss, J.), rendered March 12, 1980, convicting defendant, after jury trial, of rape in the first degree (two counts), burglary in the first degree, assault in the second degree and robbery in the second degree, and sentencing him, respectively, to two terms of 8⅓ to 25 years, a term of 8⅓ to 25 years, a term of 2⅓ to 7 years and a term of 2 to 6 years, said terms to run consecutively, unanimously modified, on the law, to the extent of running the respective sentences for the rape and assault convictions arising from the Linehan incident concurrently instead of consecutively, and, except, as thus modified, affirmed. As the People, with commendable candor, note in their brief, the assault conviction was based upon physical injury to the complainant Linehan during the course of the rape. Thus, the two crimes were part of an act in which one offense was a material element of the other. In such circumstances, the sentences must run concurrently. (Penal Law, § 70.25, subd 2.) We have examined defendant's contentions and find that they are without merit. Concur — Kupferman, J. P., Sandler, Sullivan, Ross and Carro, JJ.

■ ROBERT B. SCHINDLER, as Trustee in Bankruptcy in the Estate of LOUIS J. POLONY, Deceased, et al., Appellants, v TECH LABORATORIES, INC., Respondent. — Judgment, Supreme Court, New York County (Stecher, J.), entered on June 26, 1980, unanimously affirmed for the reasons stated by Stecher, J., at Trial Term, without costs and without disbursements. Concur — Kupferman, J. P., Sandler, Sullivan, Ross and Carro, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES RICHARD-SON, Appellant. — Judgments, Supreme Court, New York County, rendered on December 14, 1979 (Berman, J.), and February 4, 1980 (Rothwax, J.), respec-