OPINION OF THE COURT
William R. Roy, J.
These tax certiorari proceedings were instituted to challenge assessments for various years on properties owned by petitionérs in the Towns of Dewitt and Cicero. The only named respondents were the Town Boards of Assessment Review, the Town Assessors and the Towns themselves; neither the County of Onondaga, in which the Towns are located, nor the School Districts of the properties sought to intervene.
After negotiation, the parties to the proceedings entered into settlement agreements which provided for downward adjustments of assessments for the years in suit, and which included covenants by the petitioners not to challenge assessments, as to the Town of Dewitt property for three ensuing years and as to the Town of Cicero property for two ensuing years, so long as stated assessment figures were not exceeded.
With respect to refunds, the agreement made with the Town of Dewitt stated that the petitioner was entitled to a refund "of *81 a portion of county taxes paid as reflected in its January [1994 or 1995] county tax bill”, and that the portion "shall be the difference in county taxes based upon the unadjusted * * * assessment and the * * * assessment as adjusted pursuant to [the agreement].” The agreement also provided for a refund of a similarly described portion of taxes paid with respect to school tax bills for the periods covered by the adjusted assessments. Finally, the agreement expressly provided that "the Petitioner shall not be entitled to and hereby waives a refund of any and all Town taxes * * * with respect to its 1994 and 1995 Town tax bill.” In accord with another provision in the agreement, court approval was sought and obtained, and an order was granted directing "the appropriate financial officers to calculate and disburse any refunds of taxes as specified in the annexed Settlement Agreement.” No dollar amounts were stated.
In the proceedings relative to property located in the Town of Cicero, a like course was followed. The settlement agreement was briefer in that the only refund to which it said the petitioner was entitled was a refund of a portion of County taxes paid as reflected in its January 1993, 1994 and 1995 County tax bills, the portions being described in the same manner as were the portions of County tax payments to be refunded in the Town of Dewitt proceedings. No mention was made of any refund of Town or School District taxes, although there was no express waiver included in the agreement; papers submitted on the motions now before the court make it clear, however, that neither the petitioner nor any of the taxing bodies contemplate any refund with respect to the Cicero property other than one from the County. An order, like that in the Town of Dewitt proceedings, approving and implementing the settlement agreement, was thereafter granted.
The County of Onondaga has now moved to vacate both orders, contending that in reaching settlement agreements that require the County and School District in the Town of Dewitt proceedings, and the County alone in the Town of Cicero proceedings, to pay the entire amount of the refunds the petitioners will receive, without the consent of the County and the School District, the parties have violated Real Property Tax Law § 726. It argues that the cited statute mandates that each tax jurisdiction pay a proportionate share of actual refunds made as the result of assessment reduction, which share, it contends, is the jurisdiction’s proportionate share of the total taxes imposed on the property. Thus, for example, in *82 the case of the Town of Cicero property, it says that its proportionate share of the taxes imposed, is 30%, and that it should therefore be required to pay only 30%, rather than 100%, of the total refund of $75,942.20 of County taxes to petitioner. As alternative relief, the County asks now to intervene in these proceedings.
By orders to show cause, petitioners brought on cross motions seeking a direction to the County to pay immediately the proportionate share of the refunds that the County asserts is the extent of its liability.
Following oral argument, the court reserved decision on the County’s motion to vacate and the petitioners’ cross motions. Because of the lateness of the request, and the fact that the County’s motion papers expressly disclaim any quarrel with the reductions in assessment contained in the settlement agreements, the County’s application for leave to intervene was denied from the Bench.
The court is also satisfied that there is no basis for disturbing either the orders or the settlement agreements on which they were predicated.
Contrary to the County’s contention, Real Property Tax Law § 726 neither explicitly nor impliedly provides that liability for tax refunds resulting from judicially approved reductions in assessment must be proportionately shared by all the taxing units that imposed taxes on the property. What the section does provide in subdivision (1) (a) is a method by which the county, when it refunds taxes imposed by it for city, town, village or special district purposes which are determined to be excess by virtue of an assessment reduction, may recoup such refund from the body or bodies for whose benefit the taxes were initially imposed.[1] After directing refund by a county of excess taxes imposed by it, the statute continues: "So much of any tax * * * as shall be refunded which was imposed for city, town, village or special district purposes, shall be charged to such city, town, village or special district. So much of the amount of any tax * * * as shall be refunded which was imposed for other than city, town, village or special district purposes, shall be a general county charge.” (RPTL 726 [1] [a].) As has been judicially recognized by more than one appellate court, Real Property Tax Law § 726, as well as its predecessor, *83 reflects a "statutory scheme applying the principle of imposing ultimate responsibility for refunds upon the political subdivision for whose benefit the tax was collected. (Matter of Seneca Hotel v. Board of Supervisors, 19 A D 2d 183.)” (City of Troy v City School Dist., 26 AD2d 148, 151; see also, 1980 Opns St Comp No. 80-27.)
The statute discussed, which might support a claim by a county for distribution of ultimate liability for a refund of excess taxes when a refund has been made by a county of taxes collected for other taxing units, has no application in the present proceedings in which the settlement agreements expressly limit petitioners’ refunds from the County of Onondaga to excess County taxes. (Refunds of School District taxes to which petitioner in the Town of Dewitt proceedings is entitled presumably will be paid directly by the School District, as directed by paragraph [c] of Real Property Tax Laws § 726 [1].) Petitioner in the Dewitt case has explicitly waived any right or claim to refund of Town taxes, as has petitioner by its posture in the Cicero case and to a refund of school district taxes as well.
The County argues that petitioners cannot make such waivers, extending only to some of the taxing units, and thereby increasing the proportion of the actual refund that the County will pay. No authority has been cited, and the court has discovered none, which would preclude owners or persons having an interest in real property from foregoing receipt of payment of only some refunds of excess taxes. Waivers of rights, even statutory and constitutional rights, are a recognized legal option that courts will uphold, unless such waivers violate public policy (Schacht v City of New York, 39 NY2d 28, 32; Matter of Abramovich v Board of Educ., 62 AD2d 252, affd 46 NY2d 450, rearg denied 46 NY2d 1076; Matter of Brooklyn Union Gas Co. v City of New York, 104 Misc 2d 441, 444, affd 83 AD2d 921, lv granted 55 NY2d 606, affd 56 NY2d 881).
The hypothesis advanced by the County, that the waivers were part of a manipulation intended to secure tax refunds in a predetermined amount and at the expense of the County or the County and School Districts alone, is speculation only. Furthermore, sound reasons for the waivers were tendered by counsel for the petitioners: the loss by release of refunds from some of the taxing units was offset by the saving of trial litigation expenses that would be sustained if the issues could not be resolved amicably; the advantage of obtaining stipulated assessments (a town function) for two or three succeeding tax *84 years; the fact that the burden of defense against the challenge to the assessments had been borne principally, if not exclusively, by the two Towns.[2]
Finally, in no way has the County’s dollar liability been adversely affected by the waivers given to the Towns, and to the School District in the Cicero case. The amount of refund of County taxes to be paid under the settlement agreements is precisely the same amount that would be paid by the County for a refund of those taxes if petitioners were also receiving refunds from the Towns and both School Districts. No change, and no disadvantage to the County, has been effected by the waivers; it will simply continue to pay 100% of the refund of County taxes that have been determined to have been excess charges, just as it would have been required to do otherwise. The fact that its payment will also constitute 100% of the total actual refunds to be received by petitioners is irrelevant, since, as indicated above, it has no statutory right to pay only a constant, proportionate share. There is therefore no basis for disturbing the settlement agreements and orders by which these proceedings were resolved, and the County’s motions to vacate are denied.
Inasmuch as the County’s objections to the settlements have now been disposed of and payment will presumably be made in accordance with this decision, no reason appears why the cross motions seeking partial payment are necessary at this time. Those motions therefore are also denied.

. The practice in Onondaga County comports with that described by counsel for the State Board of Equalization and Assessment: "In most counties, town and county taxes are 'imposed’ or 'levied’ by the county (RPTL, § 900).” (8 Opns Counsel SBEA No.13 [1983].)

. In a tax certiorari case brought to challenge an assessment, the option is always open to an affected county or school district, or both, to make timely application for leave to intervene in the proceeding, enabling it to be a party both to the assessment dispute and to any settlement that might be proposed.