Order, Supreme Court, New York County (Louis B. York, J.), entered July 22, 2009, which, to the extent appealed from, granted plaintiff’s motion for partial summary judgment dismissing the first and third affirmative defenses and the counterclaim, and to quash a subpoena, and denied defendants’ cross motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
Under the first affirmative defense, it was averred that plaintiffs eviction of defendant Shimazaki II was illegal. Contrary to defendants’ assertion, plaintiff did not improperly execute on a stale warrant or obtain a warrant for rent that accrued after the commencement of the prior nonpayment summary proceeding. Rather, as was its right pursuant to article 2 (H) of the lease, plaintiff applied Shimazaki II’s September and October 2006 payments to current charges instead of arrears.
As to defendants’ cross motion for summary judgment dismissing the complaint, we find an issue of fact based on the version of facts most favorable to plaintiff. Plaintiff submitted the affidavit of its managing agent, saying that it accepted Shimazaki II’s November and December 2006 payments solely on account of Shimazaki II’s rent arrears and without any intention of reinstating its tenancy. Defendants’ argument that plaintiff should have submitted the underlying business records, as opposed to an affidavit, is unpreserved (see e.g. Empire Purveyors, Inc. v Weinberg, 66 AD3d 508, 509 [2009]).
*469 Defendants failed to create a triable issue of fact sufficient to warrant denial of plaintiffs motion to dismiss the first affirmative defense that Shimazaki II’s eviction was illegal as based on an improperly issued warrant. We further reject defendants’ argument that plaintiffs acceptance of rent after the issuance of the warrant created an issue of fact as to whether plaintiff “intended to revive the tenancy” (see J.A.R. Mgt. Corp. v Foster, 109 Misc 2d 693, 694 [App Term, 2d Dept 1980]). By statute, the issuance of a warrant of eviction cancels a lease and annuls the landlord-tenant relationship (RPAPL 749 [3]). A purpose of the statute is to protect the tenant from further liability for rent (see People v Stadtmore, 52 AD2d 853, 854 [1976]). Under the terms of the instant commercial lease, however, the tenant’s obligation to pay rent survives the expiration or termination of the tenancy. Unless public policy is implicated, parties to an agreement, such as a commercial lease, may waive the benefit of a statute and assume obligations beyond the statutory provisions which would otherwise control (see Teleprompter Corp. v City of New York, 82 AD2d 145, 149 [1981], appeal withdrawn 56 NY2d 808 [1982]). A lease provision that a tenant’s obligation to pay rent shall survive the termination of a tenancy is not contrary to public policy (see Slater v Von Chorus, 120 App Div 16 [1907]). Defendants’ assertion that they needed discovery to oppose plaintiffs motion is unpreserved and without merit.
As to their third affirmative defense, defendants did not show detrimental reliance, a necessary element of equitable estoppel (see BWA Corp. v Alltrans Express U.S.A., 112 AD2d 850, 853 [1985]).
•Dismissal of the counterclaim was also proper. “Abuse of process has three essential elements: (1) regularly issued process . . . , (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective” (Curiano v Suozzi, 63 NY2d 113, 116 [1984]). Defendants failed to raise a triable issue of fact as to the second and third elements (see G & T Term. Packaging Co., Inc. v Western Growers Assn., 56 AD3d 266, 268 [2008], lv dismissed 12 NY3d 729 [2009]).
Defendants issued the contested subpoena in connection with their first and third affirmative defenses. Since those defenses have been dismissed, there is no longer any need for the subpoena. Concur—Tom, J.E, Mazzarelli, Acosta, DeGrasse and Richter, JJ. [Prior Case History: 2009 NY Slip Op 31620(U).]